## JOSEPH KIRKPATRICK v. WILLIAM R. CASON.

Where money raised by execution was brought into court for distribution, and claim made to it not only by the execution creditor, but by a landlord for the payment of rent, and also by attaching creditors, it was *held*—

1. That to authorize payment to the landlord, it must appear that rent

was due him upon such a lease or contract as would give him a right to distrain.

2. That where a jury, from the circumstances, would be authorized in finding that the landlord had relinquished his right of distress, the court is justified in denying his claim to any part of the money.

3. That where the property levied on was of less value than $200, and no inventory or appraisement was made by the sheriff, as directed by law, but the property was suffered to remain in the hands of the defendant, and the execution creditor himself stayed all further proceedings on the execution, the goods were, by consent of the plaintiff, in defendant's possession for his use and that of his family, and not as agent or bailiff of the sheriff, and the sheriff had no further lien on them, and could not lawfully sell them under the execution.

*Certiorari* to the Circuit Court of the county of Hudson.

Argued before HAINES and ELMER, Justices.

The opinion of the court was delivered by

ELMER, J.   This *certiorari* brings up an order directing money, made by the sheriff upon an execution at the suit of the plaintiff against the defendant, and paid into court, to be paid over to certain attaching creditors.   The money was claimed by the plaintiff; by the landlord for rent; and by the plaintiffs in certain attachments issued by a justice of the peace.

No case agreed upon by the parties, or stated by the court, is before us, nor have we any means of ascertaining precisely what questions of law were decided, but we are left to gather the facts as best we may, from loose *ex parte* affidavits not entitled to be read on the hearing in the court below or here, except by consent.   Under these circumstances, every presumption as to the facts must be in favor of the correctness of the decision sought to be reversed.   Although it is held that a *certiorari* is a proper mode of bringing before this court such an order as that in question, it is only for the purpose of reviewing the law involved, and not to determine the merits of the case upon the evidence.   *Caldwell* v. *Fifield*, 4 *Zab.* 152.

It appears that the plaintiff issued his excution, and the levy was made September 14th, 1861, and on the same day

Kirkpatrick v. Cason.

the plaintiff stayed the proceedings until further orders. The goods and chattels levied on are those of a debtor, having a family residing in the state, of less value than two hundred dollars, and therefore exempt from sale, and no inventory or appraisemsnt of them was made, as directed by the act of 1851. *Nix. Dig.* 249, § 13, 15.* So matters remained until the 5th day of March, 1862, on or before which day the defendant absconded, and several attachments were issued against him, by virtue of which the goods were seized by a constable inside the ferry gate, and about to go into the city of New York. After they were so seized, the agent of the landlord, who had been previously aware of the intention to remove, by virtue of a distress warrant, caused them, as the affidavit expresses it, to be "levied on" for rent alleged to be due. Then the sheriff asserted his claims, and as it would seem, by common acquiescence, sold the goods, and brought the money into court, the landlord giving him written notice to pay him his rent out of the proceeds. The defendant made a written waiver of his right of exemption, after the execution of the distress warrant in favor of the landlord, and subsequently made a like waiver in favor of the plaintiff.

As to the landlord, there is no evidence that rent was due him upon such a lease, or actual or implied contract, as entitled him to distrain. *Central Bank* v. *Peterson*, 4 *Zab.* 668. A landlord's warrant is not a process, but a mere power to do what the landlord himself might have done. The distress proved no right, nor did the fact that notice was given of the claim for rent. The affidavits produced state that the defendant occupied the landlord's house from May 1st, 1858, to March 5th, 1862, and that the sum of one hundred and eighty-one dollars and twenty cents of rent was due from defendant to the landlord upon the first day of March, and was due and unpaid at the removal of the goods, but whether the sum was due by a contract express or implied, or whether it was more or less than a year's rent, is not stated.

---

* *Rev.,* p. 391, §§ 10, 12.

But I think the facts and circumstances disclosed by the evidence were such as would have justified a jury, had the question been submitted to one, in finding that the agent relinquished the landlord's claim to distrain, and not only permitted the goods to be taken from the premises, but would have allowed them to have been taken out of the state, had they not been attached. This being so, the court below had a right to draw the same conclusion, and we ought to assume that he did, and was thereby warranted in excluding the landlord's claim as abandoned. The exemption law enacts, that goods and chattels of the value of two hundred dollars shall be reserved for the use of the family, and shall not be liable to be seized or taken by virtue of any execution or civil process whatever, and requires the sheriff or other officer to inventory and appraise the goods; and if they exceed in value two hundred dollars, the debtor is to select such as he desires to have reserved, and if the appraisement shall not exceed two hundred dollars, the officer is to suffer the goods to remain in the possession of the defendant, for the use of himself and family. It appears in this case that the goods levied on did not amount in value to two hundred dollars, and no inventory and appraisement was made, because the plaintiff himself stayed all further proceedings on the execution. Under these circumstances, I think it must be held that the goods were suffered to remain in the defendant's possession, by consent of the plaintiff, for the use of himself and family, and not as the sheriff's bailiff or agent. The special property which the sheriff acquires by a levy was relinquished, so that he had no further lien on goods. This being so, they could not be taken and sold by him after his execution was returned. The defendant's waiver of his right to an exemption, was not made until long after it was returned, and could not therefore restore the lien, which had been relinquished during all the time it remained in force.

As to the objection, that the attaching creditors had not obtained judgment, it is a matter with which the other parties before the court have no concern. If they had no right to

follow the goods, they are not injured, and cannot interfere with the attachments. The order of the Circuit Court was in effect, to retain the money, until the claims of the attaching creditors should be duly ascertained, and was correct.

I am of opinion that the plaintiff in this *certiorari* has failed to show that the Circuit Court committed any error and that the order complained of must be affirmed.

Order of the Circuit Court affirmed.